UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARTEZ HUNTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-1772 JMB |
| | ) |
| ST. LOUIS COUNTY JUSTICE SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Cartez Huntley (registration no. 55352), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.19. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an amended motion for in forma pauperis indicating that his six-month account balance is $35.70, with an average monthly balance of $5.95. The Court finds that plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.19, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names St. Louis County Justice Services, Lieutenant O'Brien, Correctional Officer Stuart, Captain Robinson, Lieutenant Drews, Correctional Officer Means, Correctional Officer Humphreys, Correctional Officer Phillips and Captain Jett, St. Louis County Mental Health and St. Louis County Health Department as defendants in this action. Plaintiff sues defendants in their official and individual capacities.

Plaintiff asserts that on June 2, 2017, he was incarcerated at St. Louis County Justice Department. He claims that Correctional Officer Stuart was assisting a nurse who was passing out medication in his housing unit around 8:00 a.m.. He asserts that he told Officer Stuart when she came to his cell that he needed assistance because he had self-mutilated. Plaintiff alleges that Officer Stuart told him that she notified Lieutenant O'Brien of his condition. Plaintiff asserts that Lieutenant O'Brien told plaintiff at that time, to "go ahead and eat on [his] arms." Plaintiff states that Lieutenant O'Brien invited him to hurt himself more. Plaintiff also claims medical never came to his cell to check on him that day, even though he asked Officer Stuart for medical assistance.

Plaintiff claims that at the shift change, approximately 10:30 p.m., plaintiff asked to speak to Officer Reed about his self-mutilation and "they came to get him" and placed him on suicide watch. Plaintiff claims that Captain Robinson came to speak with him at that time, but nothing was done about Lieutenant O'Brien's taunts. Plaintiff believes that this was wrong.

Plaintiff seeks thirty million dollars in monetary relief in this action.

## Discussion

The Court will issue process on plaintiff's individual capacity claims against Officer Stuart and Lieutenant O'Brien for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The Court will dismiss, however, plaintiff's individual capacity claims against the remaining individual defendants. In order for an individual to be liable under § 1983, a causal link to, and direct responsibility for, the purported deprivation of rights must be alleged. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

In the instant action, plaintiff has not set forth any facts against defendants Lieutenant Drews, Correctional Officer Means, Correctional Officer Humphreys, Correctional Officer Phillips and Captain Jett. Thus, he has not provided any facts indicating that these defendants were directly involved in or personally responsible for violating plaintiff's constitutional rights.

Additionally, Captain Robinson is not responsible as a supervisory defendant or pursuant to the doctrine of respondeat superior, as this doctrine is inapplicable to § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); see also, *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord,* 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

The Court will also dismiss plaintiff's official capacity claims against all of the named defendants. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a **policy or custom of the government entity (St. Louis County)** was responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (emphasis added). The instant complaint does not contain any allegations that a policy or custom of St. Louis County was responsible for the alleged violations of plaintiff's constitutional rights. Therefore, plaintiff's allegations against defendants in their official capacities fail to state a claim upon which relief may be granted.

Furthermore, the complaint is legally frivolous against the entities known as "the St. Louis County Justice Services," "St. Louis County Mental Health" and "St. Louis County Health Department" because these entities are not subject to suit. *See Ketchum v. City of West Memphis*,

Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2 and #3] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.19 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to plaintiff's individual capacity claims against Officer Stuart and Lieutenant O'Brien. Defendant St. Louis County Police Officers shall be served with summons.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Officer Stuart and Lieutenant O'Brien shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Captain Robinson, Lieutenant Drews, Correctional Officer Means, Correctional Officer Humphreys, Correctional Officer Phillips, Captain Jett, St. Louis County Justice Services, St. Louis County Mental Health and St. Louis County Health

Department, because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of October, 2017.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE