UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARTEZ HUNTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 1772 (JMB) |
| ) | |
| LIEUTENANT O'BRIEN and ) | |
| CORRECTIONAL OFFICER STUART, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' joint motion for summary judgment. Plaintiff, who proceeds pro se, has not filed a response in opposition or requested an extension of time to do so. All matters are pending before the undersigned United States Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Cartez Huntley was incarcerated at the St. Louis County Justice Center at the time of the events giving rise to this action. He filed suit under 42 U.S.C. § 1983, claiming that defendants Lieutenant O'Brien and Correctional Officer Stuart[1] were deliberately indifferent to his serious physical and mental health needs.[2] He alleges in his amended complaint that, on the morning of June 2, 2017, defendant Stuart accompanied a nurse to his cell for medication rounds. Plaintiff told her that he needed immediate help because he was blacking out and biting his arms. He further alleges that defendant Stuart informed defendant O'Brien, who appeared at his cell

---

[1] Defendants identify themselves as Renee O'Brien and Angela Stuart.

[2] In addition to defendants Stuart and O'Brien, plaintiff named St. Louis County Justice Services, St. Louis County Mental Health, St. Louis County Health Department, Captain Robinson, Lieutenant Drews, Captain Jett, and Correctional Officers Means, Humphreys, and Phillips. Plaintiff's claims against these defendants were dismissed under 28 U.S.C. § 1915(e). Memorandum and Order [Doc. # 6].

and taunted him and told him to hurt himself some more. Amended Complaint [Doc. # 4 at p. 5]. He alleges he was not evaluated by medical personnel until 10:00 that night, after shift change, when he asked a different corrections officer for help. Defendants move for summary judgment.

**I.    Background**[3]

According to records submitted by defendants, plaintiff became disruptive in court on May 30, 2017. IJMS Incident Composite Report [Doc. # 23-4]. He was escorted to the 8th floor of the Justice Center, where inmates with behavioral issues are housed. Renee O'Brien Affidavit at ¶ 6 [Doc. # 23-1]. He was placed in a restraint chair for approximately 90 minutes before being escorted to a lockdown cell. He was examined by a nurse before being placed in the cell and was found to have no physical injuries. IJMS Incident Composite Report

According to medical records submitted by the defendants, at about 9:00 on the evening of June 1st,[4] unidentified corrections officers told nurse Marissa Ebel, R.N., that plaintiff had bitten his arms. Medical note [Doc. # 23-7]. She examined plaintiff and found that he had three open wounds on his arms and multiple scars from prior self-inflicted bites. Plaintiff told Ms. Ebel that things had gone poorly in court on May 30th, causing him to bite himself. Plaintiff was given band aids to cover the wounds while Ms. Ebel consulted with the infirmary nurse. It was decided to transfer plaintiff to the "psych infirmary High Risk due to self harm." Id. The following day, plaintiff told a psychologist that he bit himself to deal with his inner pain or to keep himself from harming others. Medical note [Doc. # 23-8]. Plaintiff remained in the infirmary until June 9, 2017. IJMS Inmate Long Profile (showing stay in "PSY" from June 2

---

[3] Plaintiff has not filed a response in opposition to the defendants' motion and, as a consequence, he is deemed to have admitted the facts they set forth in their Statement of Uncontroverted Material Facts (SUMF). [Doc. # 23]. See E.D. Mo. L.R. 4.01(E) ("All matters set for in the statement of [uncontroverted facts] shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

[4] For the purposes of this motion, defendants have assumed that the events in question occurred on June 1, 2017, and not on June 2nd, as plaintiff alleges in his complaint.

through June 9, 2017) [Doc. # 23-10]. His psychiatric medications were restarted and by June 9th, he reported that he was feeling better. Medical note [Doc. # 23-9].

Defendants submit the affidavit of non-party Cathy Duffie, R.N., in support of their motion for summary judgment. [Doc. # 23-3]. Ms. Duffie has been the Nurse Manager of Corrections Medicine for two years. She states that nursing staff walk by the inmate cells on the 8th floor three times a day to distribute medication and observe the general condition of the inmates. In the event that an inmate shows signs of self-harm or suicidal thoughts or activity, nursing staff either refer the inmate to a mental health care provider or transfer the inmate to the Infirmary.

Defendant O'Brien has submitted an affidavit in which she states that she has been employed with St. Louis County since 2000, when she was hired as a correctional officer. [Doc. # 23-1]. She was promoted to lieutenant in 2015. Her duties include supervising correctional officers on the 8th floor of the Justice Center. Correctional officers tour the cells every 30 minutes and lieutenants tour the cells at least three times a day. According to defendant O'Brien, under "protocol and policy," an inmate who is harming himself is placed in a restraint chair to prevent further self-harm. The watch commander, the 8th floor nurse, and mental health caseworker are all notified. With respect to the events on June 1st, defendant O'Brien states that she worked the first shift, which runs from 6:00 a.m. until 2:30 p.m. She states that she did not see or hear any evidence that plaintiff was harming himself and she was not informed by defendant Stuart or anyone else that plaintiff had bitten his arms.

Defendant Stuart also submits an affidavit. [Doc. # 23-2]. She states that she has been a corrections officer since 2012. She is assigned to the 8th floor of the Justice Center. Her responsibilities include accompanying nurses when they distribute medication. Defendant Stuart

testifies that inmates on the 8th floor have multiple opportunities to request help throughout the day. First, one of two correctional officers walks by the cells every 30 minutes, with the two officers trading off halfway through the shift. Meals are brought by yet another officer and a lieutenant is in the area at least three times per shift. The nurses pass out medication three times a day, while a nurse specializing in diabetes care comes at least once each day to provide treatment. There is also a case worker assigned to the floor. Defendant Stuart states that she worked the first shift on June 1, 2017, and that at no time did plaintiff tell her that he was harming himself and she had no reason to believe that he was doing so. If she had become aware that he was harming himself, she would have followed procedure and contacted the medical staff and lieutenant on duty and placed him in a restraint chair.

## II. Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56, a party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party discharges this burden, the non-moving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The non-moving party may not rest upon mere allegations or denials in the pleadings. Id. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

4

The Court must construe all facts and evidence in the light most favorable to the non-movant, must refrain from making credibility determinations and weighing the evidence, and must draw all legitimate inferences in favor of the non-movant. Id. at 255.

**III.     Discussion**

Plaintiff claims that defendants were deliberately indifferent to his serious medical needs. "[T]he Eighth Amendment[5] prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." A.H. v. St. Louis Cty., Missouri, 891 F.3d 721, 726 (8th Cir. 2018) (quoting Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000). "Deliberate indifference has both an objective and a subjective component." Corwin v. City of Indep., Mo., 829 F.3d 695, 698 (8th Cir. 2016) (citation omitted). The objective component requires a plaintiff to demonstrate an objectively serious medical need. Id. The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need. Id. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Defendants argue that plaintiff did not have a serious medical need; that even if he had a serious medical need, the defendants were not aware of it; and even if they were aware of a serious medical need, they were not deliberately indifferent to it.[6] For the purposes of this Memorandum and Order, the Court will assume that plaintiff's mental health condition and self-harm constituted a serious medical condition and that the objective component is satisfied.

---

[5] It is unclear from the record whether plaintiff was a pretrial detainee or was serving a sentence of conviction. The distinction is not important in this case. See Ryan v. Armstrong, 850 F.3d 419, 425 (8th Cir. 2017) (standard applied to pretrial detainees "borrow[s] from the Eighth Amendment deliberate-indifference standard applicable to claims of prison inmates").

[6] Because the Court finds that plaintiff has failed to provide evidence to support an element of his claim, it is unnecessary to address defendants' alternative argument that they are entitled to qualified immunity.

Defendants are nonetheless entitled to summary judgment because there is no evidence that they actually knew of plaintiff's serious medical need, let alone deliberately disregarded it. The uncontested evidence in the record shows that defendant Stuart worked the first shift on June 1, 2017, and that her duties included accompanying the nurse on medication runs. Plaintiff did not tell defendant Stuart that he had bitten his arms and she did not see that he had done so. In addition, no one informed defendant O'Brien that plaintiff had bitten his arms and she did not independently see that he had done so. There is no evidence that, during the first shift on June 1st, he informed any member of the correctional or nursing staff that he had bitten his arms or was experiencing psychiatric distress, despite multiple opportunities to do so. The first indication in the records that plaintiff had harmed himself occurred during the evening medication pass, at which time defendants O'Brien and Stuart were no longer on duty.

Rule 56(c)(1)(A) provides "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Plaintiff has not submitted any evidence in any of the myriad forms acceptable under this rule, and he cannot rely on the allegations in his unsworn and unverified complaint and amended complaint to generate a genuine issue of material fact to avoid summary judgment. See Anderson v. Neyrinck, 674 F. App'x 595, 596 (8th Cir. 2017) (noting that allegations in plaintiff's unsworn and unverified complaint could not be considered on summary judgment and reversing district court's denial of qualified immunity on excessive force claims); Risdal v. Nixon, 589 Fed. Appx. 801, 802 (8th Cir. 2014) (holding that the district court erred by considering a pro se plaintiff's unsworn statements, made at a telephone hearing, in denying the

defendants' motion for summary judgment); Metzsh v. Avaya, Inc., 159 Fed. Appx. 736, 737 (8th Cir. 2005) (plaintiff's "repeated references on appeal to her unverified complaint are unavailing, because only a verified complaint is the equivalent of an affidavit for purposes of summary judgment.").

Based on the undisputed evidence in the record, defendants are entitled as a matter of law to summary judgment on plaintiff's claim that defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. # 21] is **granted**.

A separate Judgment in accordance with this Memorandum and Order will be entered.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of February, 2019.